**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **FRC Balance, LLC,** | § | **Case No. 26-90806 (CML)** |
| **Debtor.** | § | |
| **Tax I.D. No. (26-2536386)** | § | |
| **In re:** | § | **Chapter 11** |
| **True Food Kitchen Investco, LLC,** | § | **Case No. 26-90807** |
| **Debtor.** | § | |
| **Tax I.D. No. (83-0788744)** | § | |
| **In re:** | § | **Chapter 11** |
| **True Food Kitchen Holdings, LLC,** | § | **Case No. 26-90808** |
| **Debtor.** | § | |
| **Tax I.D. No. (82-2948972)** | § | |
| **In re:** | § | **Chapter 11** |
| **True Food Kitchen Parent, LLC,** | § | **Case No. 26-90809** |
| **Debtor.** | § | |
| **Tax I.D. No. (82-2999901)** | § | |
| **In re:** | § | **Chapter 11** |
| **FRC True Food Preston, LLC,** | § | **Case No. 26-90810** |
| **Debtor.** | § | |
| **Tax I.D. No. (27-4612759)** | § | |

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **True Food Hospitality, LLC,** | § | **Case No. 26-90805** |
| **Debtor.** | § | |
| **Tax I.D. No. (90-9094500)** | § | |
| **In re:** | § | **Chapter 11** |
| **True Food Beverages, LLC,** | § | **Case No. 26-90811** |
| **Debtor.** | § | |
| **Tax I.D. No. (90-0949500)** | § | |
| **In re:** | § | **Chapter 11** |
| **TFK Maryland LLC,** | § | **Case No. 26-90813** |
| **Debtor.** | § | |
| **Tax I.D. No. (86-2729157)** | § | |
| **In re:** | § | **Chapter 11** |
| **FRC TF California, LLC,** | § | **Case No. 26-90812** |
| **Debtor.** | § | |
| **Tax I.D. No. (27-1118589)** | § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 2:30 P.M. (CENTRAL TIME) ON OCTOBER 5, 2026.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER AT 2:30 P.M. (CENTRAL TIME) ON OCTOBER 5, 2026, IN COURTROOM 402, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

**PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 59013. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE. THE MEETING CODE IS "JUDGELOPEZ." CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

FRC Balance, LLC, and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), (a) authorizing the Debtors to jointly administer their chapter 11 cases for procedural purposes only, (b) waiving the requirement to file a list of equity security holders and modifying the related notice requirements, and (c) granting related relief. The Debtors request that the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") maintain one file and one docket for all the jointly administered cases under the case of FRC Balance, LLC; Case No. 26-90806 (CML).

2. The Debtors respectfully request that each of the Debtors' chapter 11 cases be administered under a consolidated caption, in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **FRC Balance, LLC, *et al.*,** | § | **Case No. 26-90806 (CML)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |

1. The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are FRC Balance, LLC (6386); True Food Kitchen Investco, LLC (8744); True Food Kitchen Holdings, LLC (8972); True Food Kitchen Parent, LLC (9901); FRC True Food Preston, LLC (2759); True Food Hospitality, LLC (4500); True Food Beverages, LLC (9500); TFK Maryland LLC (9157); and FRC TF California, LLC (8589). The location of the Debtors' service address for purposes of these chapter 11 cases is 7135 E. Camelback Rd, Suite 230, Scottsdale, AZ 85251. A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/FRCBalance.

3. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"). The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than FRC Balance, LLC, to reflect the joint administration of these chapter 11 cases: Case No. 26-90806 (CML):

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of FRC Balance, LLC, *et al.* The docket in Case No. 26-90806 (CML) should be consulted for all matters affecting this case.

4. The Debtors further request that the Court (a) waive the requirement under Bankruptcy Rule 1007(a)(3) that the Debtors file a list of their equity security holders, and (b) modify the notice requirements of Bankruptcy Rule 2002(d) as described below, provided that the

Debtors file a consolidated corporate ownership statement identifying every entity or person that directly or indirectly owns 10% or more of any class of each Debtor's equity interests.

## Jurisdiction and Venue

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges* from the United States District Court for the Southern District of Texas, entered May 24, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein are sections 105, 342, and 101(2) of the Bankruptcy Code, Rules 1007, 1015(b), and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## Background

8. The Debtors own and operate restaurants focused on health-forward menus that serve organic foods, 100% seed oil-free, focused on ensuring diners enjoy whole, minimally processed foods. As of the Petition Date, the Debtors operate thirty-four (34) locations across the United States, having made the difficult decision to close twelve (12) restaurants concurrently with the commencement of these chapter 11 cases.

9. On October 4, 2026 (the "**Petition Date**"), the Debtors commenced voluntary cases under Chapter 11 of Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in the Chapter 11 Cases.

10. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Nathan Cook in Support of Chapter 11 Petitions and First-Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.[1]

**Basis for Relief**

11. Bankruptcy Rule 1015(b) provides, in relevant part, that "the court may order joint administration of the estates…in two or more cases pending in the court if they are brought by…a debtor and an affiliate." Fed. R. Bankr. P. 1015(b) (emphasis added). Section 101(2) of the Bankruptcy Code defines the term "affiliate" to mean:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2). In addition, Bankruptcy Local Rule 1015-1 provides for the joint administration of related chapter 11 cases. The Debtors are all affiliates of one another because

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

each Debtor is directly or indirectly controlled by True Food Kitchen Investco, LLC, which owns, controls, or holds with power to vote, directly or indirectly, 20% or more of the outstanding voting interests of each other Debtor. The Debtors' organization chart outlining the Debtors' ownership structure is described in greater detail in the First Day Declaration. Accordingly, the Court is authorized to jointly administer these chapter 11 cases for procedural purposes.

12. In addition, section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Rules, the Bankruptcy Code, and the Bankruptcy Local Rules authorize the Court to grant the relief requested herein.

13. Joint administration of these chapter 11 cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Joint administration will also relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The U.S. Trustee and other parties-in-interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative dockets, pleadings, and papers.

14. Bankruptcy Rule 2002(o) provides that notices under Bankruptcy Rule 2002 shall include certain information, including, without limitation, the tax identification number of each Debtor and any other names used by each Debtor in the previous eight years. Fed. R. Bankr. P. 2002(o). All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, the last four digits of their tax identification numbers, and their service address. Moreover, the full tax identification numbers, if applicable, and any other names used by the Debtors in the past eight years will be listed in the petitions for each Debtor, and such petitions are

publicly available to all parties in interest, including on a website to be maintained by Stretto, and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(o) have been satisfied.

15. To the extent not satisfied or deemed satisfied, waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code or Bankruptcy Rule 2002(o) is warranted. Including the Debtors' full tax identification numbers and other identifying information on each notice and pleading would be unduly cumbersome, and may be confusing to parties in interest. More importantly, waiver of such requirement is purely procedural in nature and will not affect the rights of parties in interest, especially given that the Debtors propose to include in each pleading that they file and notice that they mail, a footnote listing all of the Debtors, the last four digits of their tax identification numbers, and their service address.

16. Further, Bankruptcy Local Rule 1015-1 details the information a debtor must include in its request for joint administration. A motion and proposed order for joint administration must "itemize the requested relief," "be in the form published on the court's website," and "be made to the judge with the lowest case number." This Motion and the Proposed Order satisfy these requirements. To the extent that this Motion or the Proposed Order are deemed not to comply with such rule, the Debtors request a limited waiver.

**<u>Waiver of the Requirement to File a List of Equity Security Holders</u>**

17. Bankruptcy Rule 1007(a)(3) requires a chapter 11 debtor, unless the court orders otherwise, to file a list of its equity security holders within fourteen days after the petition date, and Bankruptcy Rule 2002(d) requires that notice of certain matters be given to equity security holders. The Debtors request that the Court waive the requirement under Bankruptcy Rule 1007(a)(3) and modify the notice requirements of Bankruptcy Rule 2002(d) so that the Debtors may give notice of the commencement of these Chapter 11 Cases to their equity security holders

by (i) serving the notice of commencement on each holder of 10% or more of any class of a Debtor's equity interests identified in the Debtors' corporate ownership statement, and (ii) posting the notice of commencement on the website maintained by Stretto at https://cases.stretto.com/FRCBalance.

18. The Debtors are privately held limited liability companies, and each Debtor other than True Food Kitchen Investco, LLC is directly or indirectly owned, in whole or in substantial part, by another Debtor. The Debtors' ownership structure is described in the First Day Declaration. Parties in interest therefore already have the information about the Debtors' significant equity holders, and a separate list of equity security holders would be duplicative and would impose unnecessary cost on the estates. The Debtors also request authority to file a list of equity security holders only if and when the Court sets a deadline for equity security holders to file proofs of interest or orders a distribution to them. Accordingly, cause exists to grant the requested relief.

19. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes and does not seek substantive consolidation. As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

20. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**Emergency Consideration**

21. Pursuant to Bankruptcy Local Rule 9013-1, the Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days following the commencement of a chapter 11 case if "relief

is needed to avoid immediate and irreparable harm." For the reasons discussed above and in the First Day Declaration, an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations. Failure to receive the requested relief in this Motion during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' operations at this important juncture and cause immediate and irreparable harm. The requested relief is necessary for the Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize the value of their estates for the benefit of all stakeholders. The Debtors have demonstrated that the requested "relief is needed to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003, and request that the Court grant the relief requested in this Motion.

## Reservation of Rights

22. Nothing contained herein is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

**Notice**

23. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the Debtors' prepetition secured lenders; (c) the proposed debtor-in-possession lender; (d) counsel to the Debtors' postpetition lender and prepetition secured lenders; (e) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for states in which the Debtors conduct business; (j) other regulatory agencies having a regulatory or statutory interest in these cases; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 5, 2026
Houston, Texas

Respectfully submitted,

*/s/ Omar J. Alaniz*
**REED SMITH LLP**
Omar J. Alaniz (24040402)
London England (24110313)
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: 469.680.4200
Fax: 469.680.4299
E-mail: oalaniz@reedsmith.com
lengland@reedsmith.com

**REED SMITH LLP**
Amalia Sax-Bolder (*pro hac vice* pending)
1900 Lawrence Street, Suite 2800
Denver, CO 80202
Telephone: 303.552.3800
Fax: 303.552.3799
E-mail: asaxbolder@reedsmith.com

*Proposed Counsel for Debtors and Debtors in Possession*

**Certificate of Accuracy**

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify that the foregoing statements are true and accurate to the best of my knowledge.

*/s/ Omar J. Alaniz*
Omar J. Alaniz

**Certificate of Service**

I certify that on October 5, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and solicitation agent.

*/s/ Omar J. Alaniz*
Omar J. Alaniz